IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTERO RESOURCES CORPORATION,**

    **Plaintiff,**

v.                                    Civil Action 2:19-cv-804
                                        Chief Judge Algenon L. Marbley
                                        Magistrate Judge Kimberly A. Jolson

**TEJAS TUBULAR PRODUCTS, INC.,**
**et al.,**

    **Defendants.**

### OPINION AND ORDER

This matter is before the Court on Plaintiff's Memorandum in Support of Sealing. (Doc. 48). For the reasons that follow, the Motion is **GRANTED.**

**I.    BACKGROUND**

On October 23, 2020, this Court denied Defendant Tejas Tubular Products, Inc.'s Emergency Motion to File Document Under Seal (Doc. 43). In that Order, the Court granted the parties leave to "submit a memorandum in support of permanently sealing Doc. 40–3" and in the event no party submitted such a memorandum, "the Court [would] direct the Clerk to unseal the temporarily sealed Doc. 40–3." (Doc. 43). Plaintiff Antero Resources Corp. submitted such a memorandum on November 6, 2020. (Doc. 48). Accordingly, this matter is ripe for review.

**II.    STANDARD**

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir.

2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id*. (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party owns a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id*. at 307–08 (internal citations and quotations omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id*. at 306 (quotation omitted).

### III.     DISCUSSION

In its supporting memorandum, Plaintiff "proposes that Defendant Tejas Tubular Products, Inc. publicly file a version of the [d]ocument with the last page redacted." (Doc. 48 at 1). Plaintiff contends that this redaction is sufficiently narrowly tailored to serve the reason for sealing, which in this case is the privacy interests of Plaintiff's former employee David Kale ("Kale"), who is not a party to this case. The last page of Doc. 40–3 is an email that contains "Kale's manager's opinion of certain possible mistakes that [he] felt Kale had made in relation to the Wher 3H well." (*Id*. at

3). Plaintiff claims that redacting this communication will prevent any harm to Kale's reputation, which may result from these criticisms of his performance. (*Id.*). Finally, Plaintiff emphasizes that this information is not of great public interest, and thus, "Kale's interest in keeping the [e]mail private outweighs the public interest in publication of the [e]mail." (*Id.*).

The Court agrees and finds that Plaintiff has satisfied the Sixth Circuit's demanding standard for sealing. Specifically, Plaintiff "analyze[s] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quotation omitted). Moreover, the personal information contained in the email is not a matter of public interest. *See Aday v. Westfield Ins. Co.*, No. 1:18-cv-405, 2020 WL 11951238.1 3 5517243, at *14 (S.D. Ohio Sept. 14, 2020) (holding that a non-party employee's interest in keeping information private outweighed the public's interest in accessing it). Additionally, redacting one page of a nine-page document is narrowly tailored. *See Abington Emerson Capital, LLC v. Landash Corp.*, No. 2:17-CV-143, 2020 WL 5035452, at *2 (S.D. Ohio Aug. 26, 2020) (finding a request to seal sufficiently narrowly tailored where plaintiff "filed a redacted version of its brief on the public docket").

Accordingly, Plaintiff's request to seal (Doc. 48) is **GRANTED**. The Clerk is **DIRECTED** to permanently seal Doc. 40–3. Defendant is **ORDERED** file a redacted version of Doc. 40–3 on the public docket **within seven (7) days** of the date of this Order.

IT IS SO ORDERED.

Date: December 2, 2020          /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE