**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANTERO RESOURCES CORPORATION,**

    **Plaintiff,**

  v.                                     **Civil Action 2:19-cv-804
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson**

**TEJAS TUBULAR PRODUCTS, INC.,
et al.,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on a dispute that arose during the recent deposition of Plaintiff Antero Resources Corporation's designated corporate representative. For the reasons that follow, Defendants' request for the three documents upon which Plaintiff's corporate representative relied during his testimony is **GRANTED**. Specifically, Plaintiff is **ORDERED** to produce the documents within **seven (7) days** of the date of this Opinion and Order. If, upon review of the documents, Defendants believe it is necessary to reconvene the deposition, they may provide a declaration to the Court within **seven (7) days** of Plaintiff's production, explaining the additional topics for questioning and anticipated length of the deposition.

    **I.**      **BACKGROUND**

This case stems from an allegedly defective steel well casing that Defendants supplied to Plaintiff for a well in Noble County, Ohio. (*See generally* Doc. 1). Defendants served a deposition notice under Rule 30(b)(6), and Plaintiff identified Kevin Kilstrom as their corporate representative. The deposition was held on January 8, 2021, and Mr. Kilstrom had three

documents in front of him while he testified: (1) a typed Word document summarizing the daily drilling reports; (2) two-and-one-half pages of handwritten notes specifically discussing two of Plaintiff's other wells, not at issue here; and (3) handwritten notes on the deposition notice concerning several of Plaintiff's other wells.

Mr. Kilstrom testified that he spent 50.65 hours preparing for the deposition and prepared the documents roughly a week beforehand. As the deposition proceeded, Mr. Kilstrom relied on the documents multiple times in order to respond to Defendants' questions. Given this reliance, Defendants asked for the documents, but Plaintiff refused. It quickly became apparent that the parties were at impasse. So they tabled the issue, continued the deposition, and brought the matter to the Court. The Court ordered the parties to submit simultaneous letter briefs, and Plaintiff to provide the relevant documents and deposition transcript for *in camera* review. The parties complied, and the matter is now ripe for review.

## II.     STANDARD OF REVIEW

Rule 612 of the Federal Rules of Evidence governs this matter. It "allows a witness to refresh his recollection as to the contents of a document if he is unable to recall them while [testifying]." *U.S. v. Holden*, 557 F.3d 698, 703 (6th Cir. 2009). Pertinent here, it also permits a court to require the production of a writing used to refresh a witness's memory if justice so requires. Fed. R. Evid. 612. Importantly, Rule 612 applies to deposition testimony. Fed. R. Civ. P. 30(c)(1); *Arrowood Indem. Co. v. The Lubrizol Corp.*, No. 1:10 CV 2871, 2015 WL 12734892, at *2 (N.D. Ohio Mar. 31, 2015).

## III.    DISCUSSION

Defendants' argument is straightforward. They say that Rule 612(a)(1) entitles them to the documents upon which Mr. Kilstrom relied. Up front, the Court notes that Rule 612 is an

evidentiary and not a discovery rule. So, when confronted with such questions, courts consider whether the witness used the documents at issue for a "testimonial" purpose. *Nutramax Lab., Inc. v. Twin Lab., Inc.*, 183 F.R.D. 458, 468 (D. Md. 1998). A witness uses documents for a testimonial purpose when he: "(1) use[s] [the document] to refresh his memory; (2) for the purpose of testifying . . . " *K & S Assocs., Inc. v. Am. Ass'n of Physicists in Med.*, No. 3:09-1108,2012 WL 4364087, at *3 (M.D. Tenn. Sept. 21, 2012) (citing *Nutramax Lab., Inc.*, 183 F.R.D. at 468, 473) (finding that documents were used for a "testimonial purpose" where the witness's review of them "unavoidably enhanced his recollection of events"); *see also Arrowood Indem. Co.*, 2015 WL 12734892, at *2 (citing *Nutramax Lab., Inc.*, 183 F.R.D. at 468).

The deposition transcript shows that is what happened here. Several examples suffice:

Q: You prepared that Word document to assist you to testify here today?

A: No, I did it just [] as I was going through the completion reports[.] I just was making notes to myself and it is just a reinforcement mechanism that I use to see what happened on a well.

\* \* \*

Q: So you have other notes in front of you?

A: They're here on my desk.

Q: And how many pages of notes do you have?

A: One, two, and a half. So it's the first page and a half almost is the Scott well and just a little tiny bit over a page for the Richmond well.

\* \* \*

Q: Have you had any email exchanges with [counsel] during your deposition today?

A: I sent them that Word document that you asked me how long it was. It's, I'd say, about 30 lines long[,] probably about 18, 20 on the Riffee [well] and 12ish on the McNabb [] well.

Q: And you're looking at it right now correct?

3

>A: I am
>
>* * *
>
>Q: More specifically, you're looking at a computer screen, is that right?
>
>A: Yeah, I'm looking [at] a Word document where I've summarized some information from the daily drilling reports.
>
>* * *
>
>Q: So you prepared [the notes on the Notice of Deposition] to help refresh your recollection about what was in the documents that you had reviewed in preparation for your deposition[,] is that correct?
>
>A: Well, I reviewed the documents specifically to address the list, yes.

There is no doubt that Mr. Kilstrom used the documents to refresh his recollection while testifying.  *See Nutramax Lab., Inc.*, 183 F.R.D. at 468.  Indeed, at times he even read his notes into his testimony:

>Q: And where was McNabb[,] [w]hat state was that in?
>
>A: That was West Virginia.
>
>Q: And do you remember around when that occurred?
>
>A: I made some hand notes. I'm happy to look if you wish.
>
>A: So the McNabb 4H reached CD on August 6th of 2015, at least on that daily report. And on the 11th they were running casing. And it looks like on the 13th the casing parted.

Under these circumstances, Rule 612 is triggered.

Plaintiff does not grapple with Rule 612; instead, Plaintiff merely asserts that the documents are work product and thus immune from disclosure.  Yet, if a witness uses documents for a testimonial purpose—as Mr. Kilstrom did here—any claim of work product protection over those documents is waived.  *See Nutramax Lab., Inc.*, 183 F.R.D. at 468.  Indeed, "[i]t has been recognized that if a witness uses a document to refresh recollection, the existence of a privilege

4

will not protect against the disclosure required under Federal Rule of Evidence 612." *Beattie v. CenturyTel, Inc.*, No. 02-10277, 2009 WL 4646116, at *4–6 (E.D. Mich. Dec. 7, 2009) (citing *Ehrlich v. Howe*, 848 F. Supp. 482, 493 (S.D.N.Y. 1994) (noting that "when confronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and the protection provided by the attorney-client privilege . . . the weight of authority holds that the privilege . . . is waived"); *see also* 28 Wright, Miller & Marcus, Federal Practice and Procedure § 6188 (2d ed.1994) ("Certainly a waiver should be found where disclosure of the writing's contents in fact occurs during the witness's testimony.").

One final point. Plaintiff designated Mr. Kilstrom as their corporate representative to testify on critical issues, including whether any of Plaintiff's other wells experienced failures similar to those at issue in this case. He could not adequately do so without his notes, so Defendants have a right to see them. *See, e.g.*, *Cox v. Franklin Cty. Bd. of Comm'r*, No. 2:18-cv-1631, 2019 WL 6711388, at *4 (S.D. Ohio Dec. 10, 2019) (internal citations omitted) (ordering production where the witness could not fully explain relevant facts without the refreshing documents); *Life Care Ctrs. of Am.*, 2015 WL 10987030, at *4 (citing *Nutramax Lab., Inc.*, 183 F.R.D. at 469) (finding that "it would be unfair to permit the Government to designate a Rule 30(b)(6) witness and use certain documents to prepare him, while at the same time have the witness be effectively exempt from Rule 612 due to his lack of personal knowledge"); *Vita-Mix Corp. v. Basic Holdings, Inc.*, No. 1:06-CV-2622, 2008 WL 495781, at *4 (N.D. Ohio Feb. 22, 2008) (quoting *Nutramax*, 183 F.R.D. at 469) ("'[T]here is a greater need to know what materials were reviewed by expert and designee [i.e., 30(b)(6) witnesses in preparation for deposition since the substance of their testimony may be based on sources beyond personal knowledge.'"); *Nutramax*

*Lab., Inc.*, 183 F.R.D. at 473 (noting that a 30(b)(6) witness's "testimony as a designee required him to provide information based on information reasonably available to Plaintiff").

In sum, the only just outcome here is for Defendants to review the documents that informed Mr. Kilstrom's testimony. If, upon review of the documents, Defendants believe it is necessary to reconvene the deposition, they may provide a declaration to the Court within **seven (7) days** of the date of Plaintiff's production, explaining the additional topics for questioning and anticipated length of the deposition.

## IV. CONCLUSION

For the foregoing reasons, Defendants' request is **GRANTED** consistent with this Opinion and Order.

IT IS SO ORDERED


Date: February 2, 2021 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE