IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTERO RESOURCES CORPORATION,**

    **Plaintiff,**

v.                                    Civil Action 2:19-cv-804
                                        Judge Sarah D. Morrison
                                        Magistrate Judge Kimberly A. Jolson

**TEJAS TUBULAR PRODUCTS, INC.,**
et al.,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Tejas Tubular Products, Inc's ("Tejas") Motion for Leave to Designate Non-Retained Expert. (Doc. 66). For the reasons that follow, Defendant's Motion is **GRANTED in part and DENIED in part**. Specifically, the Court finds that good cause exists to modify the expert disclosure deadline. Accordingly, Defendant's request for leave to disclose Mr. Ken Malloy as an expert witness is **GRANTED**. Because, however, the Court finds that Mr. Malloy is a specially retained expert under Rule 26(a) of the Federal Rules of Civil Procedure, Defendant's request to designate Mr. Malloy as a non-retained expert is **DENIED**. Additionally, the parties are **ORDERED** to file a joint status report within fourteen (14) days of the date of Mr. Malloy's deposition regarding discovery.

    **I.**     **BACKGROUND**

This case is about an allegedly defective piece of fracking equipment. On March 8, 2017, Plaintiff Antero Resources Corporation ("Antero") prepared to frack a well in Noble County, Ohio. (Doc. 1, ¶¶ 29–30). Just ten minutes into pressure testing, the production casing on the well split. (*Id.*). Plaintiff alleges that a product defect caused the the split, resulting in over three million dollars in damages. (*Id.*, ¶ 31).

Following the incident, the casing's suppliers, Defendants Ken Miller Supply, Inc. and Ken Miller Supply of West Virginia, Inc. (collectively, "KMS") paid Plaintiff $1.2 million, a fraction of the alleged damages. (Doc. 1, ¶ 32). Additionally, KMS and the casing's manufacturer, Defendant Tejas, allegedly agreed to have their insurance carriers investigate the well split's cause. (*Id*., ¶¶ 32–33). Plaintiff alleges it is entitled to additional damages and that Defendants did not follow through on their agreement. (*Id*., ¶¶ 33–34). Plaintiff thus sued Defendants for breach of warranty and products liability. (*See generally* Doc. 1).

The instant discovery dispute involves a December 2017 investigative report on the cause of the alleged casing failure. After the incident, Defendant Tejas' insurance carrier, First Specialty Insurance Company ("First Specialty") hired Ken Malloy, an engineer with Stress Engineering Services, Inc. ("SES") to investigate and opine on the cause of the casing split. (*See* Docs. 68-1; 69-2). SES initially declined the job because of a potential conflict of interest, but Plaintiff agreed to waive any conflict. (*See* Doc. 69-1). Mr. Malloy sent First Specialty the results of his "preliminary investigation" ("the Malloy Report") on December 18, 2017. (*See* Doc. 66 at 7–38). Important here, Defendant Tejas says it did not know about the Report until much later. (*See* Doc. 66 at 2; *see also id*. at 5). Indeed, even after litigation ensued, the Report never made its way into Defendants' or First Specialty's case files. (*See id*.).

As part of a January 2020 document production, however, Defendant Tejas produced copies of Mr. Malloy's engagement letter (Doc. 68-1) and invoice (68-2). Roughly a year later, in January 2021, Plaintiff subpoenaed SES. (Doc. 68 at 2). Included in SES's document production was the Malloy Report. (*Id*. at 3). Plaintiff produced the documents, including the Malloy Report, to Defendants on February 23, 2021. (*Id*.). Only then, says Defendant Tejas, did it learn about the Report. (Doc. 66 at 2). Defendant Tejas promptly asked Plaintiff whether it would consent to a motion seeking leave to designate Mr. Malloy as an expert witness. (Doc. 69-3 at 2). Plaintiff said no. (*Id*. at 1).

The parties seemingly tabled this dispute because, the following week, they asked the Court to stay expert discovery to allow them to mediate. (Doc. 61). Following an unsuccessful mediation, the Court lifted the stay on May 3, 2021. (Doc. 64). It then set an expert discovery deadline of July 30, 2021, and a dispositive motion deadline of September 13, 2021. (*Id*.). Shortly thereafter, Defendant Tejas filed the instant Motion, seeking leave to designate Mr. Malloy as a non-retained expert. (Doc. 66). Defendant Tejas asserts that, although the expert disclosure deadline was June 1, 2020, it did not know about the Malloy Report until Plaintiff produced it in discovery. (*See generally id*.).

Plaintiff challenges Defendant's Motion on numerous grounds. It contends that it would be prejudiced by adding Mr. Malloy as an expert witness at this juncture. (*See generally* Doc. 68 at 1–9). It additionally objects to Defendant Tejas' classification of Mr. Malloy as a "non-retained" expert, asserting that Mr. Malloy should be subject to the stricter disclosure requirements applicable to specially "retained" experts. (*Id*. at 9–12). For these reasons, Plaintiff believes Defendant Tejas should not be permitted to rely on Mr. Malloy as an expert. (*See generally* Doc. 68). Plaintiff also makes an alternative request: Should the Court grant Defendant leave, it should also reopen fact discovery to allow Plaintiff to question witnesses about Mr. Malloy's findings. (*Id*. at 13). The Court expedited briefing on Defendant's Motion, which is now ripe for consideration. (*See* Docs. 66–69).

## II. STANDARD

Because the parties were required to disclose expert witnesses over a year ago, (*see* Doc. 29), Defendant Tejas must demonstrate good cause for its untimely request. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent); *see also Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 452 (E.D. Mich. 2017) ("When a court schedules a deadline for the expert disclosures, they must be made by that deadline."). Where, as here, a party seeks to extend an expired deadline, "the Court's assessment of 'good cause' focuses on 'the moving party's diligence in attempting to meet the case management order's

requirements.'" *Smith v. T. Marzetti Co.*, No. 118CV00089GNSHBB, 2019 WL 4044024, at *3 (W.D. Ky. Aug. 27, 2019) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)) (applying good cause standard to motion for leave to disclose an expert witness after the deadline). Five factors are useful to assessing Defendant Tejas' diligence: (1) when Defendant learned of the discovery at issue; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether Defendant was dilatory; and (5) whether Plaintiff was responsive to discovery requests. *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011)).

In addition to Defendant's diligence, the Court also considers "possible prejudice" to Plaintiff. *T. Marzetti Co.*, 2019 WL 4044024, at *3 (citing *Inge*, 281 F.3d at 625). Importantly, the decision to modify a scheduling order is within the district Court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

### III. DISCUSSION

The Court considers, as a threshold matter, whether there is good cause to extend the expert disclosure deadline. If so, the Court will then decide how to properly classify Mr. Malloy under Rule 26 of the Federal Rules of Civil Procedure.

**A. Good Cause**

As explained, Defendant Tejas' diligence is key. Potential prejudice to Plaintiff also matters.

*1. Diligence*

The Sixth Circuit's five diligence factors guide the Court's analysis. *See Gata*, 717 F. App'x at 521. The Court considers the first factor (when Defendant learned of the discovery) and the fourth factor (whether Defendant was dilatory) together. The timeline is important here. Where a party "fail[s] to 'timely move for modification' of a scheduling order, 'despite having ample time' between learning of the need for the modification, and actually requesting it," the court should deny the request. *Harris v. Goins*, No. CV 6: 15-151-DCR, 2016 WL 4256949, at *2

4

(E.D. Ky. Aug. 11, 2016) (quoting *Moore v. Indus. Maint. Serv. of Tenn., Inc.*, 570 F. App'x 569, 577 (6th Cir. 2014)).

That is not what happened.  While Defendant Tejas potentially could have discovered the Malloy Report earlier, once it did, it acted swiftly.  Within one week of receiving the Malloy Report, Defendant informed Plaintiff of its intent to seek leave to designate Mr. Malloy as an expert witness. (Doc. 69-3).  While Plaintiff faults Defendant for waiting until mid-May to file its Motion, the Court stayed this case, per the parties' request, from March 10 to May 3, 2021, pending mediation.  (*See* Docs. 61–64).  After mediation failed and the Court lifted the stay, Defendant promptly filed the Motion.  (*See* Docs. 63–66).  Thus, Defendant was not dilatory in waiting until now to add Mr. Malloy as an expert.  And the first and fourth factors support a finding of good cause.  *Cf. Clark v. Chris Reneer Butler Cty. Sheriff's Dep't.*, No. 117CV00184GNSHBB, 2018 WL 6834349, at *2 (W.D. Ky. Dec. 28, 2018) (finding movant dilatory where she knew "of the apparent existence of [the discovery]" but waited eleven months to seek an extension to obtain it).

The Court need not consider the second factor (how discovery would affect the ruling below) or the fifth factor (whether Plaintiff failed to respond to discovery requests).  This is so because the second diligence factor "'is largely used by the Sixth Circuit to determine whether the district court's denial of a motion to extend discovery affects *other pending* issues in front of that court.'" *Swann v. Time Warner Ent. Co., L.P.*, No. 3:13-CV-042, 2014 WL 2573079, at *4 (S.D. Ohio June 9, 2014) (emphasis in original) (quoting *Serrano v. Cintas Corp.*, No. 04-40132, 2010 WL 1417802, at *4 (E.D. Mich. Apr. 5, 2010)).  Given that discovery is still underway, and there are no pending dispositive motions, "it is not appropriate to address this element at this stage in the litigation." *Swann*, 2014 WL 2573079, at *4 (declining to weigh second diligence factor where discovery was still ongoing and there were no pending dispositive motions).  The fifth factor also does not apply because Defendant Tejas does not accuse Plaintiff of failing to respond to discovery requests.  *See Foncannon*, 2016 WL 4445472, at *2 (finding this factor irrelevant where movant did not allege the other parties were unresponsive to discovery requests).

The third factor, the length of discovery, tilts slightly in favor of Defendant. The Court notes there is no trial set in this case. Indeed, the parties are still engaging in discovery, and dispositive motions are not due until September. (Doc. 64). True, discovery has taken longer than normal—but that is so for nearly all matters litigated during the COVID-19 pandemic. (*See, e.g.*, Doc. 55 (extending case schedule due to parties' representations regarding difficulties presented by COVID-19)). So, while adding Mr. Malloy as an expert now could prolong discovery slightly, it will not disrupt dispositive motions or trial. Nor will the Court have to defer ruling on dispositive issues in this case while the parties depose Mr. Malloy. *Cf. Kindoll v. S. Health Partners*, No. CV 17-84-DLB-CJS, 2019 WL 1461078, at *3 (E.D. Ky. Apr. 2, 2019) (denying motion to reopen discovery where additional expert depositions would result in defendants filing a new summary judgment motion). Rather, the parties will continue with expert discovery, and the Court will adjust deadlines as needed.

In sum, the Court finds that Defendant Tejas acted diligently enough to support its requested relief.

2. *Prejudice*

The Court also considers potential prejudice to Plaintiff. While the parties discuss harm and prejudice in the context of Rule 37 sanctions, (*see generally* Docs. 68–69), rather than Rule 16, the Court nonetheless considers their arguments. *See T. Marzetti Co.*, 2019 WL 4044024, at *3 (considering Rule 37 only after determining good cause did not exist to modify case schedule).

Although Plaintiff states it is "surprised" by Defendant's untimely disclosure, it acknowledges that it already has reviewed the Malloy Report, and that there is no trial date. (*See* Doc. 68 at 5–6). So Plaintiff is not facing an eleventh-hour surprise on the eve of trial. Were that the case, Mr. Malloy would have to be excluded to prevent prejudice to Plaintiff. But since that is not the case, Plaintiff's argument is one of convenience. For example, it notes that it already deposed fifteen fact witnesses before receiving the Malloy Report, and fact discovery has since

closed. (*Id*. at 6). It asserts that it would need to depose an additional expert and re-depose fact witnesses about issues raised in the Report. (*Id*. at 7).

Unlike an eleventh-hour surprise before trial, the Court can adequately address these concerns while still granting Defendant relief. *See, e.g.*, *Gillispie v. Miami Twp.*, No. 3:13-CV-416, 2020 WL 9173020, at *4 (S.D. Ohio Apr. 2, 2020) (noting that convenience is not the same as prejudice and rejecting defendants' argument that disclosure of expert report would result in additional discovery). Plaintiff will have the opportunity to depose Mr. Malloy, secure a rebuttal expert, and complete any necessary follow up discovery. *Compare Gillispie*, 2020 WL 9173020, at *4 ("Given this significant period of time [before trial], Defendants will not suffer prejudice if Dr. Miller's report is disclosed because they have adequate time to find a rebuttal expert witness and depose both experts.") *with Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505-TAV-HBG, 2018 WL 1248159, at *6 (E.D. Tenn. Mar. 9, 2018) (finding prejudice to non-movant where current trial date was likely to be impacted and "preliminary reports of proposed experts . . . indicate[d] that the methodologies and opinions to be offered w[ould] be based on studies that h[ad] yet to be conducted").

In sum, good cause exists to extend the expert disclosure deadline, and Defendant Tejas is **GRANTED leave** to disclose Mr. Malloy as an expert witness.

B. "Retained" or "Non-Retained" Witness

The only remaining question is how to classify Mr. Malloy. Defendant Tejas says that it did not specially retain Mr. Malloy for this case because its insurance provider hired Mr. Malloy before litigation ensued. (Doc. 69 at 4–5). But that is not the test. Rather, "'the distinction between a [retained] expert and a [non-retained] expert is that [non-retained] experts' conclusions and opinions arise from firsthand knowledge of activities they were personally involved in before the commencement of the lawsuit, and not conclusions'" drawn "'as an expert after-the-fact.'" *Call v. City of Riverside*, No. 3:13-CV-133, 2014 WL 2048194, at *4 (S.D. Ohio May 19, 2014) (quoting *Beane v. Util. Trailer Mfg. Co.*, No. 2:10 CV 781, 2013 WL 1344763, at *3 (W.D. La.

7

Feb. 25, 2013)); *see also Call*, 2014 WL 2048194, at *4 (citing *Fielden v. CSX Transp. Inc.*, 482 F.3d 866, 871 (6th Cir. 2007)) (noting that the Sixth Circuit considers "[t]he scope, substance, and source of the intended [expert] testimony").

As Plaintiff notes, (Doc. 68 at 9), Mr. Malloy was not an on-the-ground witness during the alleged casing failure. *See Call*, 2014 WL 2048194, at *4 (quotation marks and citation omitted) (explaining that a non-retained witness is "an expert who is actually involved in the events giving rise to the litigation" and plays a "unique role" "in the development of the factual underpinnings of a case"). Rather, Mr. Malloy "c[ame] to the case as a stranger and dr[ew] [his] opinion from facts supplied by others." *Id*. (quotation marks and citation omitted). Accordingly, Mr. Malloy is a specially retained witness under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, and Defendant Tejas must comply with all requirements of that provision. Thus, Defendant Tejas' request to designate Mr. Malloy as a non-retained witness is **DENIED**.

As Plaintiff notes, Defendant Tejas did not initially comply with the disclosure requirements of Rule 26(a)(2)(B). But Defendant Tejas has since corrected these deficiencies by attaching the necessary documentation to its reply brief. (*See* Doc. 69-4 (containing Mr. Malloy's qualifications, including a list of all publications authored in the previous ten years); Doc. 69-5 (containing a list of all other cases in which, during the previous four years, Mr. Malloy testified as an expert at trial or by deposition)). Thus, the Court views that discrete dispute as resolved.

\* \* \*

As noted, the Court will adjust the case schedule so that Plaintiff has an opportunity to secure a rebuttal expert and complete reasonable follow up discovery regarding the Malloy Report. *See, e.g.*, *Sierra v. Williamson*, No. 4:10-CV-00079-TBR, 2013 WL 3280269, at *3 (W.D. Ky. June 27, 2013) ("[T]he Court finds that an all-or-nothing outcome is not warranted here—that is, the interests of justice are not served either by excluding Dr. Patel outright as Defendants now seek, nor are those interests served by allowing Dr. Patel to render expert testimony absent

8

Defendants having some opportunity to depose him and, if necessary, secure their own expert to rebut his testimony.").

Defendant Tejas represents that the parties and Mr. Malloy are available for Mr. Malloy's deposition the week of July 26, 2021. (Doc. 69 at 6). Within fourteen (14) days of Mr. Malloy's deposition, the parties are **ORDERED** to file a joint status report. In the report, Plaintiff shall state whether it intends to secure a rebuttal expert witness and whether it needs further discovery relevant to Mr. Malloy's opinions. The parties shall also propose an amended case schedule. The Court expects Defendant to cooperate with Plaintiff to address reasonable discovery concerns before and after Mr. Malloy's deposition.

### IV.  CONCLUSION

For the foregoing reasons, Defendant Tejas' Motion (Doc. 66) is **GRANTED in part and DENIED in part**. Specifically, the Court finds that good cause exists to modify the expert disclosure deadline. Accordingly, Defendant's request for leave to disclose Mr. Ken Malloy as an expert witness is **GRANTED**. Because, however, the Court finds that Mr. Malloy is a specially retained expert under Rule 26(a) of the Federal Rules of Civil Procedure, Defendant's request to designate Mr. Malloy as a non-retained expert is **DENIED**.

IT IS SO ORDERED.


Date:  June 11, 2021                                            /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                                UNITED STATES MAGISTRATE JUDGE

9